JACOB DAVIS,

Assignee of the Sheriff of Chittenden County,

*against*

MATHEW COLE and ALPHEUS MANSFIELD.

The surreptitious antedating of a bond may be well pleaded in bar.

THE plaintiff declared on a bail-bond dated *January*, 1799, executed by the defendants to the sheriff, for the admitting *Cole*, then a prisoner at the suit of the plaintiff, to the liberties of the gaol yard ; bond assigned 20th *November*, 1799, and escape alleged before the assignment.

Plea in bar, that the bond was in fact executed 1st *November*, 1800, but antedated to *January*, 1799.

To this plea, plaintiff demurred, and took several exceptions. That principally relied upon was, that the defence should have been by pleading the general issue, and not in bar.

Counsel for the plaintiff. This is a matter of fact, whether the bond was antedated or not, and should,

consistently with all rules of practice, have been in- Davis
quired of by the Jury under the plea of *non est* Cole and Mansfield
*factum.*

When the defence consists of matters in law, the defendant may plead specially; but where it is purely fact the general issue must be pleaded. *Bac. Abr.* vol. 5. p. 370.

*Sed per Curiam.* The only reason assigned in the books why the general issue must be pleaded in preference to a special plea, is not for the *insufficiency* of the plea, but because the plea in bar tends to swell the records. It is observable, that though the plea in bar concludes, to the Court, yet the plaintiff is abridged of no rights by it; for he may traverse the fact alleged in bar as in the present case he may have traversed the antedating of the bond, and this would draw the point to the consideration of the Jury.

Plea in bar sufficient.

*John Mattocks*, for plaintiff.
*Tyler*, for defendant.